**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL COHEN, | ) | |
| Plaintiff, | ) | Case No. 2:26-cv-00064 |
| v. | ) | |
| EMIRATES AIRLINE (P.S.C.), | ) | |
| Defendant. | ) | |

**DEFENDANT EMIRATES' NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** Defendant Emirates (sued herein as "Emirates Airline (P.S.C.)") by and through its attorneys CLYDE & CO US LLP, hereby removes the above-captioned civil action from the Law Division of the Superior Court New Jersey, Special Civil Part, Hudson County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1330, 1331, 1441 and 1446. In support of its Notice of Removal, Emirates states as follows:

## I. PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

1. On December 2, 2025, Plaintiff Michael Cohen (hereinafter "Plaintiff") commenced this action against Emirates by filing a Complaint in the Law Division of the Superior Court of Hudson County, New Jersey styled Michael Cohen v. Emirates Airline (P.S.C.), Docket No.: HUD-DC-024491-25 (the "Complaint").

2. On or about December 8, 2025, a copy of the Summons and Complaint was delivered to Emirates via USPS Certified Mail.

3. The Summons and Complaint are the only process, pleadings, and orders that have been received by Emirates in this action to date. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

4. Plaintiff seeks to recover damages for damages he allegedly sustained on or about January 13, 2025, when Plaintiff was allegedly denied boarding on flight EK209 with service from Athens, Greece to Newark, New Jersey. See Exhibit A at ¶ 2. Plaintiff alleges that he subsequently purchased alternate travel on British Airways. Id. Plaintiff's travel was part of round-trip itinerary beginning and ending in Newark, New Jersey with a stopping place in Athens, Greece. See Exhibit A at ¶ 11.

5. Plaintiff's Complaint asserts counts of New Jersey's Consumer Fraud Act violation, breach of contract, and EU regulations violation. See Exhibit A.

## II. GROUNDS FOR REMOVAL

6. Removal of this action is proper pursuant to 28 U.S.C. § 1330(a) (actions against foreign states) and 28 U.S.C. § 1331 (federal question).

### A. Jurisdiction Exists Pursuant to 28 U.S.C. § 1330(a) Because Emirates Is a Foreign State Within the Meaning of the Foreign Sovereign Immunities Act ("FSIA")

7. Removal of this action to this Court by Emirates is pursuant to the provisions of 28 U.S.C. § 1441(d), because, on January 13, 2025 and at all other times relevant to this action, Emirates was wholly-owned by the government of the United Arab Emirates ("UAE") and, therefore, is a foreign state as defined by 28 U.S.C. § 1603(a) subject to the provisions of the Foreign Sovereign Immunities Act ("FSIA") and 28 U.S.C. § 1330(a).

8. Therefore, the FSIA, which provides the sole means by which courts of the United States can assert jurisdiction over foreign sovereigns, governs this action against Emirates. Republic of Austria v. Altman, 541 U.S. 677, 699 (2004); Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993).

9. District courts have original jurisdiction over civil actions against a foreign state. See 28 U.S.C. § 1330(a). Moreover, 28 U.S.C. § 1441(d) provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district

and division embracing the place where such action is pending." In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230, 1242 fn.14 (3d Cir. 1994) (the FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country); Sugarman v. Aeromexico, Inc., 626 F.2d 270, 272 (3d Cir. 1980) (court would not have had federal question jurisdiction over state law claims if airline were not foreign sovereign under FSIA); Ben-Haim v. Edri, 2015 WL 12839771, at *5 (D.N.J. Aug. 27, 2015) (discussing FSIA applicability to commercial airlines).

**B. Federal Question Jurisdiction Exists Pursuant to 28 U.S.C. § 1331 Because Plaintiff's Claims Arise Under a Treaty of the United States**

10.   The claims in Plaintiff's Complaint also arise under a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force Nov. 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 ("Montreal Convention").  Where the Montreal Convention applies, as it does here, it exclusively governs the rights and liabilities of the parties.  See, e.g., El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 161 (1999) (The Convention exclusively governs the rights and liabilities of passengers and carriers in international air transportation).[1]

11.   Here, Plaintiff seeks damages pursuant to the Montreal Convention.  See Exhibit A at ¶ 3.

12.   The Montreal Convention applies to all "international carriage" by air within the meaning of Article 1.  Pursuant to the Montreal Convention, "international carriage" by air

---

[1]   The Montreal Convention is the successor to the Warsaw Convention (1929). Bousignac v. United Cont'l Holding, Inc., 2012 WL 13034018, at *3 (D.N.J. Dec. 27, 2012). While the Montreal Convention is an entirely new treaty, many provisions closely resemble provisions in the Warsaw Convention. Id. As such, courts rely on Warsaw Convention precedent when interpreting equivalent provisions in the Montreal Convention. See Constantino v. Cont'l Airlines, Inc., 2014 WL 2587526, at *3 (D.N.J. June 9, 2014) (interpreting Warsaw Convention precedent on pre-emption); Bousignac, 2012 WL 13034018, at *4.

includes carriage in which, according to the agreement between the parties, the place of departure and the place of destination are: (1) situated within two different State Parties; or (2) within the territory of a single State Party if there is an "agreed stopping place within the territory of another State, even if that State is not a State Party." Montreal Convention, Art. 1(2).

13. Plaintiff was travelling round-trip New Jersey with an agreed stopping place in Athens. See Exhibit A at ¶ 2.

14. As the place of departure and destination (New Jersey) is situated within the territory of State Party to the Montreal Convention (the United States) and there was an agreed stopping place (Athens) in the territory another State (Greece), the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of Article 1(2) of the Montreal Convention. See International Civil Aviation Organization (ICAO), Current List of Signatories to the Montreal Convention of 1999 available at https://www2023.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf (last visited January 5, 2026).

15. Pursuant to Article 29 of the Montreal Convention, "any action for damages, however founded, whether under this Convention or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention."

16. Several courts within the Third Circuit have held that the Montreal Convention preempts all state law claims that fall within its scope. See, e.g., Bousignac v. United Cont'l Holding, Inc., 2012 WL 13034018 (D.N.J. Dec. 27, 2012) (holding that the Montreal Convention preempts plaintiff's state law claims); Rogers v. Cont'l Airlines, 2011 WL 4407441, at *4 (D.N.J. Sept. 21, 2011) (finding the Montreal Convention preempts all state law claims that fall within its scope); Lee v. AMR Corp., 2015 WL 3797330, at *2 (E.D. Pa.

June 18, 2015) (same); Schaefer-Condulmari v. U.S. Airways Grp., Inc., 2009 WL 4729882, at *9 (E.D. Pa. Dec. 8, 2009) (same).

17. Thus, the rights of Emirates and Plaintiff are governed exclusively by the provisions of the Montreal Convention. See Tseng, 525 U.S. at 160-161.

18. As Plaintiff's claims arise under the Montreal Convention, which provides the exclusive cause of action for his claims, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a).

## III. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 HAVE BEEN SATISFIED

19. Pursuant to 28 U.S.C. § 1446(b), a notice of removal may be filed within thirty (30) days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.

20. Plaintiff commenced this action by filing the Complaint on December 2, 2025.

21. A copy of the Summons and Complaint was delivered to Emirates via USPS Certified Mail on December 8, 2025.

22. Therefore, this Notice of Removal, filed on January 6, 2026, is timely filed.

23. Venue is proper in this District under 28 U.S.C. § 1441(a) because the removed action was pending in this district and division.

24. In accordance with the requirements of 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon Defendant" from the Law Division of the Superior Court New Jersey, Special Civil Part, Hudson County, New Jersey action is filed herewith as **Exhibit A**.

25. In accordance with the requirements of 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be this day served on Plaintiff's Counsel and filed with the Clerk of the Law Division of the Superior Court New Jersey, Special Civil Part, Hudson County, New Jersey, Docket No.: HUD-DC-024491-25.

## IV. NON-WAIVER OF DEFENSES

26. By removing this action from the Law Division of the Superior Court New Jersey, Special Civil Part, Hudson County, New Jersey, Emirates does not waive any defenses available to it.

27. By removing this action from the Law Division of the Superior Court New Jersey, Special Civil Part, Hudson County, New Jersey, Emirates does not admit any of the allegations in Plaintiff's Complaint.

28. This Notice of Removal is filed subject to and with a full reservation of rights.

**WHEREFORE**, for all of the foregoing reasons, Defendant Emirates hereby removes the above-referenced action now pending against it in the Law Division of the Superior Court New Jersey, Special Civil Part, Hudson County, New Jersey, Docket No.: HUD-DC-024491-25, to the United States District Court for the District of New Jersey.

Dated: January 6, 2026

Respectfully submitted,

Clyde & Co US LLP

By:________________________

Natalie Deneen Cox
Attorney ID: 325052020
Clyde & Co US LLP
140 E 45th Street, Suite 26A
New York, New York 10017
T: (212) 710-3904
F: (212) 710-3950
Natalie.Cox@clydeco.us
*Attorneys for Defendant Emirates*

To: Michael Cohen
Law Office of Michael M. Cohen
275 Walton Street
Englewood, New Jersey 07631
T: (201) 227-0881
*Attorneys for Plaintiff*

# Exhibit A

Court's Address and Phone Number:
HUDSON Special Civil Part
595 NEWARK AVENUE, ROOM 104
JERSEY CITY, NJ 07306-0000
201-748-4400 ext.66680

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
**HUDSON** County
Docket No: **HUD-DC-024491-25**

**Civil Action**

**CONTRACT DISPUTE**

# YOU ARE BEING SUED!

**Person or Business Suing You (*Plaintiff*)**
MICHAEL COHEN

**Plaintiff's Attorney Information**
MICHAEL M. COHEN
MICHAEL M. COHEN
275 WALTON STREET
ENGLEWOOD, NJ 07631-0000
201-227-0881

**Person or Business Being Sued (*Defendant*)**
EMIRATES AIRLINE (P.S.C.)

**The Person or Business Suing You Claims You Owe the Following:**

| | |
|---|---|
| Demand Amount | $5000.00 |
| Filing Fee | $50.00 |
| Service Fee | $10.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$5060.00** |

**FOR JUDICIARY USE ONLY**

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 01/13/2026, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. ***Answer the complaint.*** An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: ***Treasurer, State of New Jersey***. Include **HUD-DC-024491-25** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **01/13/2026**.

   **Please Note – If you file an Answer your case will be sent to a settlor to try to resolve your case prior to trial.**

2. ***Resolve the dispute.*** Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **01/13/2026**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 201-792-6363. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 201-798-2727. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

**/s/ Michelle M. Smith**
Clerk of the Superior Court



Dirección y teléfono del tribunal
Parte Civil Especial de HUDSON
595 NEWARK AVENUE, ROOM 104
JERSEY CITY, NJ 07306-0000
201-748-4400 ext.66680

**El Tribunal Superior de Nueva Jersey**
**División de Derecho, Parte Civil Especial**
Condado de **HUDSON**
Número del expediente **HUD-DC-024491-25**

**Demanda de Acción Civil**
**NOTIFICACIÓN DE DEMANDA**
**CONTRACT DISPUTE**

# ¡LE ESTÁN DEMANDANDO!

**Persona o entidad comercial que le está demandando *(el demandante)***
MICHAEL COHEN

**Información sobre el abogado del demandante**
MICHAEL M. COHEN
MICHAEL M. COHEN
275 WALTON STREET
ENGLEWOOD, NJ 07631-0000
201-227-0881

**Persona o comercial ser demandada *(el demandado)***
EMIRATES AIRLINE (P.S.C.)

**La persona o comercial que le está demandando afirma que usted le debe lo siguiente:**

| | |
|---|---|
| Cantidad a la vista | $5000.00 |
| Tasa judicial | $50.00 |
| Cargo del emplazamiento | $10.00 |
| Honorarios del abogado | $0.00 |
| **TOTAL** | **$5060.00** |

## PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 01/13/2026 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:**

1. ***Responder a la demanda.*** Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "***Treasurer, State of New Jersey***" (Tesorero del Estado de Nueva Jersey). Incluya **HUD-DC-024491-25** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el **01/13/2026**.

   **Por favor tenga en cuenta que si usted presenta una Respuesta, su causa se enviará a un fideicomitente para tratar de resolver la causa antes del juicio.**

2. ***Resolver la disputa.*** Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el **01/13/2026**.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 201-792-6363. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 201-798-2727. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

**/s/ Michelle M. Smith**
Subsecretario(a) del Tribunal Superior

Michael M. Cohen, Esq. 016292000
**LAW OFFICES OF MICHAEL M. COHEN**
275 Walton Street, Englewood, New Jersey 07631
☎ (201) 227-0881 | 📠 (201) 227-0882
*Attorneys for Plaintiff*

| | |
|---|---|
| **MICHAEL COHEN,**<br>*Plaintiff*<br>*- against -*<br>**EMIRATES AIRLINE (P.S.C.),**<br>*Defendant* | **SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY**<br>SMALL CLAIMS DIVISION<br>**DOCKET NO. BER-L-00 -25**<br>**Complaint** |

Plaintiff, Michael Cohen ("Cohen") by his attorneys, Law Offices of Michael M. Cohen, as and for its Complaint against the Defendant alleges as follows:

## NATURE OF THE ACTION

1. This is an action by Plaintiffs against Defendant EMIRATES AIRLINE (P.S.C.) ("Emirates") seeking remedies under New Jersey's Consumer Fraud statute.

2. This action arises from Emirates Airline's wrongful denial of boarding, breach of contract, and unfair and deceptive conduct toward Plaintiff, a New Jersey passenger, after Emirates' Athens-based ground handling agent, Goldair Handling S.A., refused Plaintiff boarding on Flight EK209 from Athens to Newark on January 13, 2025. Despite a confirmed ticket, timely arrival, and compliance with all check-in requirements, Plaintiff was denied carriage, forced to purchase a replacement ticket on British Airways, and incurred additional expenses.

3. Plaintiff seeks damages and penalties under the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.), the Montreal Convention (1999), and EU Regulation 261/2004, as well



as compensatory, treble, and statutory damages.

## THE PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Michael Cohen resides at 275 Walton Street, Englewood New Jersey 07631 and is a resident of New Jersey.

5. Defendant, Emirates Airline (P.S.C.), is a public joint-stock company organized under the laws of the United Arab Emirates with its head office located at P.O. Box 686, Dubai International Airport, Dubai, UAE.

6. Emirates conducts substantial business in New Jersey and the United States, operating flights to and from Newark Liberty International Airport and maintaining offices in New York City (55 E 59th Street, New York, NY 10022).

7. Upon information and belief, Goldair Handling S.A., located at Athens International Airport, performs Emirates' ground handling, gate management, and check-in services in Athens as Emirates' designated agent.

8. Jurisdiction is proper in this Court pursuant to N.J. Const. art. VI, § 3, ¶ 4, and N.J.S.A. 2A:6A-1 et seq., as the amount in controversy does not exceed $20,000 and involves consumer and contractual damages.

9. Venue is proper in Bergen County, where Plaintiff resides and where Defendant transacts business.

10. Emirates purposely avails itself of conducting commercial activity in New Jersey, including marketing, ticket sales, and scheduled flights to Newark Liberty International Airport.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. On or about December 5, 2024, Plaintiff purchased a round-trip ticket from Emirates for travel from Newark (EWR) to Athens (ATH) and back, Ticket No. 176 2381754450, Booking Ref. N35TAF, at a total cost of $744.01

12. The return flight, EK209, was scheduled to depart Athens at 17:10 on January 13, 2025, arriving at Newark Liberty International Airport at 21:10 the same day.

13. Plaintiff arrived at the airport in a timely manner, prepared with valid identification and all required travel documents.

14. Emirates' Athens-based agent, Goldair Handling S.A., informed Plaintiff that boarding was closed and that the flight was "full." Plaintiff was told he had been marked as a no-show even though he had appeared on time

15. Emirates offered rebooking only upon payment of an additional $1,900, which Plaintiff declined.

16. Plaintiff was left stranded in Athens overnight without reasonable assistance, in violation of EU Regulation 261/2004.

17. Plaintiff purchased a replacement ticket on British Airways Flight 631, departing January 14, 2025, at a cost of $877.21

18. Plaintiff also incurred meal expenses of $78.44 and ground transportation costs of $84.07 from JFK Airport to his home.

19. Emirates' actions caused financial loss, inconvenience, and emotional distress.

20. On September 18, 2025, Plaintiff served Emirates with a written demand for payment and reimbursement, to which Emirates failed to adequately respond.



**New Jersey's Consumer Fraud Act**

21. New Jersey's Consumer Fraud Act (the "CFA"), N.J.S.A. 56:8-1 *et seq.*, has been adopted to control the various forms of consumer abuse rampant among companies, and is among the toughest consumer protection statutes in the Country. In fact, the New Jersey Supreme Court has recognized that the provisions and remedied of the CFA are intended to be punitive.[1]

22. The CFA provides, in relevant part:

> **56:8-1 Definitions.**
>
> (c) The term "merchandise" shall include any objects, wares, goods, commodities, **services** or anything offered, directly or indirectly to the public for sale;
>
> **56:8-2. Fraud**
>
> The act, use or employment by any person of any **unconscionable commercial practice**, deception, fraud, **false pretense**, false promise, **misrepresentation** . . .
>
> **56:8-2.11. Violations; liability**
> Any person violating the provisions of the within act shall be liable for a refund of all moneys acquired by means of any practice declared herein to be unlawful.
>
> **56:8-19. Action or counterclaim by injured person; recovery of treble damages and costs**
>
> . . . In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, **award threefold the damages** sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable **attorneys' fees, filing fees and reasonable costs of suit.**

(Emphasis added).

23. The CFA defines a "person" as including "any natural person or his legal representative." N.J.S.A. 56:8-1(d)(Emphasis added). The Supreme Court of New Jersey has

---

1 In *Wanetick v. Gateway Mitsubishi*, 163 N.J. 484 (2000) the New Jersey Supreme Court stated that the "Act's provisions providing for trebling of damages and awarding of counsel fees constitute a punitive measure" and "We think the punitive aspect of the Consumer Fraud Act is necessary information for the jury to have in executing its function."

mandated that Courts examine a CFA case with indulgence and that it seek to extend the provisions of the Act where it sees fit to achieve consumer justice.[2]

24. Defendants violated the CFA by employing unethical business tactics. Such acts are (i) an unconscionable commercial practice, (ii) deception, (iii) fraud, (iv) false pretense, (v) misrepresentation, and (vi) the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment.

25. The CFA mandates the payment of attorney's fees and costs if there is a finding of a violation of the act, even if there is no actual loss to the Plaintiff.[3]

26. To the extent that the Terms & Conditions or Policy of Emirates attempts to nullify protections, warranties and conditions that are guaranteed to New Jersey consumers, or otherwise deprives the consumer of rights that are guaranteed to him in New Jersey, such would be a violation of the Truth-In-Consumer Contract, Warranty and Notice Act (The "TCCWNA") N.J.S.A. 56:12-14 which prohibits such warranty exclusions.

27. The use of an unfair and one-sided provisions of in a "Terms & Conditions" would render it virtually impossible for Defendants' customers to seek redress from Defendant's willful actions, and is a specific violation of statutory and common law standards and New Jersey's TCCWNA, N.J.S.A. 56:12-14 et seq.

---

2 The New Jersey Supreme Court in *Printing Mart v. Sharp Electronics*, 116 N.J. 739, 746 (1989) stated that "The examination of a [CFA] complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach."

3 See, *Cuesta*, 818 at 454 ("Consistent with this approach, our Supreme Court held that "[a] consumer fraud plaintiff can recover reasonable attorney's fees, filing fees, and costs if that plaintiff can prove that the defendant committed an unlawful practice, even if the victim cannot show any ascertainable loss and thus cannot recover treble damages." This is because the "fundamental remedial purpose of the Act dictates that plaintiffs should be able to pursue consumer-fraud actions without experiencing financial hardship.")



28. New Jersey consumer protection laws, including the CFA and TCCWNA, are painstakingly designed to protect consumers from the type of unconscionable and illegal practices that comprise Plaintiff's cause of action herein.

**FIRST CAUSE OF ACTION**
*(New Jersey's Consumer Fraud Act)*

29. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

30. Emirates engaged in unconscionable commercial practices by:

a) Denying boarding to a passenger with a confirmed seat;
b) Closing boarding early without justification;
c) Demanding $1,900 for rebooking; and
d) Misrepresenting the availability of transportation.

31. Such acts constitute affirmative misrepresentations and unconscionable practices under N.J.S.A. 56:8-2.

32. Plaintiff suffered an ascertainable loss of $1,039.72, entitling him to treble damages, attorney's fees, and costs.

33. Pursuant to the CFA N.J.S.A. 56:8-2.11, Plaintiff is entitled to a full refund and any damages and pursuant to the CFA N.J.S.A. 56:8-19, Plaintiff is entitled to treble damages, attorney's fees, filing fees and reasonable costs of suit.

**SECOND CAUSE OF ACTION**
*(Breach of Contract)*

34. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

35. Emirates entered into a valid contract of carriage with Plaintiff by selling him a confirmed round-trip ticket.

36. Plaintiff performed all obligations required under the ticket.

37. Emirates breached the contract by refusing to honor the confirmed reservation and failing to provide timely carriage or rebooking.

38. As a result, Plaintiff suffered damages of at least $1,039.72, plus consequential losses.

**THIRD CAUSE OF ACTION**
(*Violation Of EU Regulation 261/2004*)

39. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

40. Emirates' flight EK209 departed from Athens, Greece, an EU Member State.

41. Plaintiff was involuntarily denied boarding without valid justification or extraordinary circumstances.

42. In addition to any other remedies available to Plaintiff, under Articles 4 and 7 of EU Regulation 261/2004, Plaintiff is entitled to €600 (approx. $715) in statutory compensation, in addition to reimbursement of his ticket and incidental costs.

43. Emirates' refusal to rebook him on the next available flight also violated its duty under Article 8.

**FOURTH CAUSE OF ACTION**
(*Violation of EU Regulation 261/2004*)

44. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

45. Under Article 19 of the Montreal Convention, Emirates is liable for damages occasioned by delay in carriage.

46. Emirates, acting through its Athens agent Goldair Handling S.A., failed to take all reasonable measures to avoid the delay and refusal of carriage.



47. Plaintiff incurred out-of-pocket damages totaling $1,039.72, within the liability limits of Article 22 (4,694 SDRs ≈ $6,200 USD).

48. Emirates is therefore liable for the full amount of Plaintiff's provable damages. Emirates' refusal to rebook him on the next available flight also violated its duty under Article 8.

**WHEREFORE**, plaintiffs respectfully requests that this Court enter judgment in its favor and against the Defendant as follows:

a) Compensatory damages of $1,039.72 (replacement flight, meals, transportation);
b) Statutory compensation of €600 ($715) under EU Regulation 261/2004;
c) Treble damages under the New Jersey Consumer Fraud Act, totaling $5,000.00;
d) Attorney's fees and costs of suit; and
e) Such further relief as the Court deems just and equitable.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, the Court is advised that Michael M. Cohen, Esq., is hereby designated as trial counsel.

Dated: December 2, 2025
Englewood, New Jersey

**LAW OFFICES OF MICHAEL M. COHEN**
*Attorneys for the Plaintiff*

By: Michael M. Cohen

**CERTIFICATION PURSUANT TO R:4:5-1**

The undersigned hereby certifies that, to his knowledge, the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding. Further, no such other action is currently contemplated. The undersigned is presently unaware of any other party who should be joined in this litigation; however, if discovery reveals that there is another responsible party, it will be necessary to amend the Complaint to name this party as a Defendant.

**LAW OFFICES OF MICHAEL M. COHEN**
Attorneys for Plaintiff

**MICHAEL M. COHEN**

Dated: December 2, 2025
Englewood, New Jersey



USPS CERTIFIED MAIL™

HUDDC02449125
Hudson Civil Div.
595 Newark Ave., Room 104
Jersey City, NJ 07306

9214 8902 5261 7700 0014 4149 97

00580 07
EMIRATES AIRLINE (P. S.C.)
55 E 59TH STREET
NEW YORK, NY 10022



CERTIFIED MAIL™

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 08628 $ 008.86⁰
02 7W
0008037437 DEC 03 2025



10022$1722 C230

